IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN SCHIEL,

        Case No. 6:11-cv-01230-JE

        Petitioner,

   v.

TIM CAUSEY,

        FINDINGS AND RECOMMENDATION

        Respondent.

Jonathan Schiel
8424341
Columbia River Correctional Institution
9111 NE Sunderland Avenue
Portland, OR 97211-1799

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Burglary and Theft. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#14) should be denied.

**BACKGROUND**

Two different indictments in Multnomah County charged petitioner with three counts of Burglary in the First Degree, one count of Theft in the Second Degree, and five counts of Identity Theft. Respondent's Exhibit 102. The State offered petitioner a plea deal whereby he could plead guilty to a combination of thefts and burglaries which would result in a stipulated sentence of 92 months. Respondent's Exhibit 111. Petitioner thought the proposed sentence was excessive, so he elected to plead guilty but leave sentencing open for argument. Respondent's Exhibit 126, p. 2.

At the sentencing hearing, petitioner argued that all sentences should run concurrently because his crime spree constituted a single criminal episode. Id at 3. Because petitioner's crimes involved different dwellings, victims, and dates, the trial court rejected this argument and sentenced him to 129 months in prison.

Petitioner took a direct appeal, but he voluntarily dismissed that appeal. Respondent's Exhibit 105. He later filed a second

2 - FINDINGS AND RECOMMENDATION

direct appeal, which the Oregon Court of Appeals dismissed. Respondent's Exhibit 108. Petitioner did not seek direct review in the Oregon Supreme Court.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 131. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Schiel v. Coursey*, 239 Or. App. 629, 246 P.3d 755 (2010), rev. denied, 349 Or. 654, 249 P.3d 5 (2011); 350 Or. 408, 256 P.3d 121 (2011).

Petitioner filed his Amended Petition for Writ of Habeas Corpus (#14) on January 19, 2012 raising three grounds for relief:

> 1. Trial counsel was ineffective for failing to adequately object to the imposition of consecutive sentences;
>
> 2. Appellate counsel was ineffective when he advised petitioner to dismiss his direct appeal, and when he failed to assign error to the imposition of consecutive sentences; and
>
> 3. Petitioner's consecutive sentences are unlawful.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to fairly present all of his claims to the Oregon State courts, and the claims are now procedurally defaulted; and (2) to the extent petitioner fairly

3 - FINDINGS AND RECOMMENDATION

presented his Ground One ineffective assistance of counsel claim, the PCR trial court properly denied relief.[1]

## DISCUSSION

### I.    **Exhaustion and Procedural Default Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

---

[1] Although petitioner's supporting memorandum was due on February 26, 2013, he has neither filed that brief nor communicated with the court in any way.

4 - FINDINGS AND RECOMMENDATION

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II. **Analysis**

### A. **Ground One: Ineffective Assistance of Trial Counsel**

Petitioner asserts that trial counsel was constitutionally ineffective when he failed to adequately object to the Circuit Court's imposition of consecutive sentences. The record reveals that petitioner raised this claim in his PCR Petition. Respondent's Exhibit 109, p. 3. However, on appeal, he abandoned this claim and argued only that counsel failed to adequately explain the State's plea offer to him, resulting in a plea that was not knowing, voluntary, and intelligent. Respondent's Exhibit 132. Because petitioner failed to pursue his Ground One claim on appeal, he failed to fairly present it to Oregon's state courts.

**B.   Ground Two: Ineffective Assistance of Appellate Counsel**

In his PCR Petition, petitioner also raised the claim of ineffective assistance of appellate counsel at issue in Ground Two, but he did not pursue that claim, or raise any claim pertaining to appellate counsel's performance, on appeal.  Respondent's Exhibit 132.  As a result, he failed to fairly present this claim to the Oregon state courts.

**C.   Ground Three: Unlawful Sentence**

Finally, petitioner asserts that the imposition of consecutive sentences in his case was unlawful.  Petitioner did not present this issue to the Oregon Supreme Court during direct review as required by Oregon law.   In Oregon, a criminal defendant may generally only raise claims of trial court error, such as petitioner's sentencing claim, during direct review.  *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (claims of trial court error are to be raised on direct appeal); *Palmer v. State*, 318 Or. 352, 354, 867 P.2d 1368 (1994).  Even if such a claim could be raised during state collateral review, petitioner did not include this challenge in his PCR Appellant's Brief.  Respondent's Exhibit 132. As a result, he failed to fairly present his Ground Three sentencing claim to the Oregon state courts.

Based on the foregoing, it is clear that petitioner failed to fairly present any of his claims to Oregon's state courts.  Because the time for presenting his claims to the Oregon courts passed long

6 - FINDINGS AND RECOMMENDATION

ago, they are procedurally defaulted. Petitioner does not argue cause and prejudice, nor does he attempt to make a colorable showing of actual innocence sufficient to excuse his default.

Even if petitioner had adequately preserved all of his claims for federal habeas corpus review, he would not be entitled to relief. All of petitioner's claims depend upon his belief that the trial court unlawfully sentenced him to multiple consecutive terms. However, the PCR trial court specifically determined that the imposition of consecutive sentences was permissible under Oregon law. Respondent's Exhibit 130, p. 16; Respondent's Exhibit 131. This state-court determination of petitioner's state-law sentencing issue is binding on this court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, all of petitioner's claims are not only procedurally defaulted, but they are meritless as well.

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#14) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

7 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this ___5___ day of March, 2013.

_____
John Jelderks
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION